IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MATTIN ZARGARPUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:13cv1022 (JCC/TRJ) |
| | ) |
| DENNIS TOWNSEND, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Mattin Zargarpur's ("Plaintiff") Motion for a Temporary Restraining Order and Preliminary Injunction. [Dkts. 2-3.] For the following reasons, the Court will deny Plaintiff's motion.

## I.  Background

In October 2009, Plaintiff, then fifteen, began a sexual relationship with his former English teacher Tina Amato ("Amato"). (Compl. [Dkt. 1] ¶ 4.) School officials subsequently discovered the affair and Amato was indicted on charges of taking indecent liberties with a minor. (Compl. ¶ 5.) Amato pled guilty in 2012, and she is currently prohibited from communicating with Plaintiff per her probation. (Compl. ¶¶ 5-6.)

1

On August 19, 2013, Plaintiff, who is now nineteen, filed the instant action challenging the aforementioned condition of Amato's probation. (Compl. ¶ 3.) Plaintiff wishes to have a romantic relationship with Amato and alleges that such a restriction infringes upon his "rights to enjoy the freedom of association and the freedom of intimate association guaranteed [to him] by the First and Fourteenth Amendments to the United States Constitution." (Compl. ¶ 13.) Plaintiff's Complaint seeks to enjoin Virginia officials ("Defendants") from enforcing this condition of Amato's probation. (Compl. ¶ 18.) Plaintiff also requests $150,000 in damages. (Compl. ¶¶ 19-20.)

Presently before the Court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, which seeks to suspend enforcement of Amato's probation pending the outcome of this case. [Dkt. 3.] Defendants have answered, contending that injunctive relief is inappropriate because Plaintiff has failed to make a clear showing that he is likely to succeed on the merits at trial. (Obj. to Pl.'s Mot. [Dkt. 13] at 13).

## II.  Standard of Review

"The standard for granting either a [temporary restraining order ("TRO")] or a preliminary injunction is the same." *Moore v. Kempthorne*, 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (citations omitted). "A plaintiff seeking a preliminary

2

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Counsel*, 555 U.S. 7, 20 (2008). Injunctive relief is an extraordinary remedy that should be granted "only sparingly and in limited circumstances." *MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (citation and internal quotation marks omitted).

### III.  Analysis

Plaintiff's motion fails because he has not established any likelihood of success on the merits at trial. Plaintiff's underlying case is grounded in the argument that the disputed provision of Amato's probation violates his fundamental right to "freedom of association and . . . intimate association." (Compl. ¶ 3.)  Although the Constitution does protect the right to enter into and maintain certain intimate relationships, including "those that attend the creation and sustenance of a family-marriage," *Roberts v. U.S. Jaycees*, 468 U.S. 609, 619 (1984), Plaintiff's right to engage in a non-marital romantic relationship with Amato is not a fundamentally protected right encompassed by due process.  *See Stevens v. Holder*, No. 1:12-cv-1105, 2013 WL 4430901, at *8 (E.D. Va. Aug. 16, 2013) (declining to find that a fundamental right exists

3

with respect to a non-marital relationship devoid of any familial ties); *Plummer v. Town of Somerset,* 601 F. Supp. 2d 358, 366 (D. Mass. 2009) (refusing to extend constitutional protection to the right to an intimate association outside the bounds of marriage or a civil union because "[i]t is impossible to draw a principled line demarcating the point . . . at which a romantic attraction is transformed from a dalliance into a prospective union worthy of constitutional protection"); *see also Willis v. Town of Marshall, N.C.*, 426 F.3d 251, 265-66 (4th Cir. 2005) (noting that district courts should be reluctant in expanding the list of implied fundamental rights (citation omitted)).

Since Plaintiff does not allege the infringement of a fundamental right, Defendants' conduct (*i.e.*, the probation restriction) is subject to rational basis review.  See *Traficanti v. United States*, 227 F.3d 170, 175 (4th Cir. 2000) ("The penalty need only serve a rational legislative basis in this instance, since no fundamental right is implicated." (citation omitted)).  As this Court recently confirmed, state impediments on non-martial romantic relationships are permissible provided they withstand rational basis scrutiny.  See *Stevens*, 2013 WL 4430901, at *10.  This highly deferential standard will uphold a limitation provided it "is

4

rationally related to a legitimate state interest." *Willis,* 426 F.3d at 262.

The Court is satisfied that the probation restriction at issue here, which prevents a convicted sex offender from contact with a prior victim, is rationally related to the government's interest in rehabilitation. *See Wirsching v. Colorado*, 350 F.3d 1191, 1200 (10th Cir. 2004) (finding that a legitimate interest in furthering rehabilitation supports banning contact between sex offenders and their victims); *Hughbanks v. Dooley*, No. Civ. 10-4064, 2010 WL 4366103, at *4 (D.S.D. Oct. 28, 2010) (concluding that a regulation prohibiting sex offenders from possessing pornography was rationally related to the government's interest in furthering rehabilitation); *Ramirez v. Pugh*, 486 F. Supp. 2d 421, 430 (M.D. Pa. 2007) (noting that the government has a "strong interest" in rehabilitating sex offenders). Accordingly, despite Plaintiff's belief otherwise, the terms of Amato's probation do not run afoul of the Constitution. *See Alvarez v. Holder*, 454 F. App'x 769, 774 (11th Cir. 2011) (upholding a no-contact order as a reasonable restriction on the right to associate).

Even more problematic is Plaintiff's apparent lack of standing to pursue this action. The "irreducible constitutional minimum of standing" requires (1) "an injury in fact - a harm suffered by the plaintiff that is concrete and actual or

5

imminent, not conjectural or hypothetical"; (2) "causation - a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant"; and (3) "redressability - a likelihood that the requested relief will redress the alleged injury." *McBurney v. Cuccinelli*, 616 F.3d 393, 402 (4th Cir. 2010) (citations omitted). "The standing doctrine, of course, depends [upon] . . . whether the plaintiff is the proper party to bring the suit." *White Tail Park, Inc. v. Stroube,* 413 F.3d 451, 460 (4th Cir. 2005). Here, the disputed probation conditions are personal to Amato and intend only to circumscribe her conduct. No penalties will be imposed upon Plaintiff if he chooses to associate with Amato. (Compl. ¶¶ 5-6.) As such, there is no injury to Plaintiff sufficient to confer standing. *See Drollinger v. Milligan*, 552 F.2d 1220, 1227 n.5 (5th Cir. 1977) (concluding that a father lacked standing to challenge his daughter's probation conditions restricting their association); *see also Clark v. Prichard*, 812 F.2d 991, 999 (5th Cir. 1987) (Hill, J., concurring) ("As for the action by Clark on behalf of her children I agree that they are not entitled any relief. They lack standing to contest the conditions of their mother's probation.").

Finally, because Plaintiff is free to associate as he chooses without penalty, there is no risk of any irreparable harm. *See Winter*, 555 U.S. at 20 ("A plaintiff seeking a

preliminary injunction must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief[.]").

Given Plaintiff's underlying claim is unlikely to withstand review, and there is no likelihood of irreparable harm, his current request for injunctive relief must be denied. *See Holbrook v. Univ. of Va.*, 706 F. Supp. 2d 652, 655 (W.D. Va. 2010) ("[A] federal court may grant a preliminary injunction only when a litigant clearly meets all four prongs of the *Winter* test."); *Via v. Wilhelm*, No. 7:11CV0050, 2011 WL 2516338, at *2 (W.D. Va. June 22, 2011) (denying temporary injunctive relief after determining that plaintiff had not established a clear likelihood of success on the merits).

### IV.  Conclusion

For the reasons set forth above, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is denied.  An appropriate Order will issue.

|  | /s/ |
|---|---|
| September 24, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |