IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MATTIN ZARGARPUR,                )
                                 )
      Plaintiff,                 )
                                 )
          v.                     )      1:13cv1022 (JCC/TRJ)
                                 )
DENNIS TOWNSEND, *et al.*,        )
                                 )
                                 )
      Defendants.                )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Dennis Townsend, Danny White, Ron Cavanaugh, and Kenneth Cuccinelli's (collectively "Defendants") Motion to Dismiss ("Motion"). [Dkt. 18.] For the following reasons, the Court will grant Defendants' Motion.

**I.  Background**

The facts of this case are recounted in the Court's Memorandum Opinion dated September 24, 2013, familiarity with which is presumed. In brief, Plaintiff Mattin Zargarpur ("Plaintiff") had an illicit affair with his teacher, Tina Amato ("Amato"), while a student at her school. (Compl. [Dkt. 1] ¶ 4.) Amato pled guilty to several charges associated with this relationship in 2012. (Compl. ¶ 5.) Amato is currently prohibited from communicating with Plaintiff as part of her

probation.  (Compl. ¶ 6.)  Plaintiff wishes to engage in a romantic relationship with Amato and alleges that this restriction infringes upon his "rights to enjoy the freedom of association and the freedom of intimate association guaranteed [to him] by the First and Fourteenth Amendments to the United States Constitution."  (Compl. ¶ 13.)  In addition to damages, Plaintiff's Complaint seeks to enjoin Defendants from enforcing this condition of Amato's probation.  (Compl. ¶ 18.)

Presently before the Court is Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (Defs.' Mot. to Dismiss at 1.) Defendants argue that Plaintiff lacks standing to maintain this suit, and, alternatively, the Complaint fails to state a claim upon which relief can be granted.  (Defs.' Mem. in Supp. [Dkt. 19] at 2-3.)  Plaintiff filed an opposition brief on the morning of oral argument.  (Pl.'s Objection to Defs.' Mot. to Dismiss ("Pl.'s Resp.") [Dkts. 23-24] at 1.)  In addition to disputing Defendants' position, Plaintiff's brief asks the Court to reconsider its prior ruling on his motion for a preliminary injunction.  (Pl.'s Resp. at 1.)  This matter is now ripe for disposition.

## II.   Standard of Review

A.   Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs the dismissal of an action where the Court lacks subject matter jurisdiction.  Defendants may attack subject matter jurisdiction in one of two ways.  First, defendants may contend, as is the case here, that the complaint fails to allege facts upon which subject matter jurisdiction may be based.  *See Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.,* 211 F. Supp. 2d 779, 780 (E.D. Va. 2002).  In such instances, all facts alleged in the complaint are presumed true.  *Adams,* 697 F.2d at 1219; *Virginia v. United States,* 926 F. Supp. 537, 540 (E.D. Va. 1995).

Second, defendants may argue that the jurisdictional facts alleged in the complaint are untrue.  *Adams,* 697 F.2d at 1219; *King,* 211 F. Supp. 2d at 780.  In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Virginia,* 926 F. Supp. at 540 (quoting *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993)).

In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff.  *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); *Adams,* 697

F.2d at 1219; *see also Johnson v. Portfolio Recovery Assocs.,* 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

      B.  <u>Rule 12(b)(6)</u>

      "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [it] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Butler v. United States.* 702 F.3d 749, 752 (4th Cir. 2012) (citations and internal quotation marks omitted).  When ruling on such a motion, a district court must accept all facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  However, the court need not accept as true legal conclusion disguised as a factual allegation. *Iqbal,* 556 U.S. at 679–81.  The plaintiff's facts must "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

## III.  Analysis

      Having carefully reviewed the Complaint and applicable case law, the Court agrees with Defendants that Plaintiff lacks standing to pursue this action.  *See Flaum v. Colonial*

*Williamsburg Found.*, Civil Action No. 4:12cv111, 2012 WL 5879128, at *1 (E.D. Va. Nov. 21, 2012) ("Generally, challenges to standing are addressed under Rule 12(b)(1)." (citation omitted)).

Standing is a threshold requirement implicating the jurisdiction of the federal courts, and is "perhaps the most important" condition for a justiciable claim. *Allen v. Wright,* 468 U.S. 737, 750 (1984). The "constitutional minimum of standing" requires (1) "an injury in fact - a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical"; (2) "causation - a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant"; and (3) "redressability - a likelihood that the requested relief will redress the alleged injury." *McBurney v. Cuccinelli*, 616 F.3d 393, 402 (4th Cir. 2010) (citations omitted). "The standing doctrine, of course, depends [upon] . . . whether the plaintiff is the proper party to bring the suit." *White Tail Park, Inc. v. Stroube,* 413 F.3d 451, 460 (4th Cir. 2005).

As noted above, Plaintiff is seeking to quash the no-contact provision of Amato's probation on grounds that it infringes upon his constitutional rights. Plaintiff's Complaint, however, makes clear that this no-contact provision is personal to Amato and intended only to circumscribe her

conduct.  (Compl. ¶¶ 5-6.)  No penalties will be imposed upon Plaintiff if he chooses to associate with Amato.  (Compl. ¶¶ 5-6.)  Consequently, there is no concrete injury to Plaintiff sufficient to confer standing.  *See Drollinger v. Milligan*, 552 F.2d 1220, 1227 n.5 (5th Cir. 1977) (concluding that a father lacked standing to challenge his daughter's probation conditions that restricted their association); *see also Clark v. Prichard*, 812 F.2d 991, 999 (5th Cir. 1987) (Hill, J., concurring) ("As for the action by [the plaintiff] on behalf of her children I agree that they are not entitled any relief.  They lack standing to contest the conditions of their mother's probation.").

Plaintiff's argument that the Court should grant him third-party standing is unavailing.  (Pl.'s Resp. at 1-2.)  To establish third-party standing, a plaintiff must demonstrate, among other things, "a hindrance to the third party's ability to protect his or her own interests."  *Freilich v. Upper Chesapeake Health, Inc.,* 313 F.3d 205, 215 (4th Cir.2002).  "The Fourth Circuit has further clarified that the hurdle preventing a third party from asserting [his or] her own rights must be high indeed, as the mere fact that a person is disabled, chronically ill, or indigent does not constitute an obstacle sufficient to" confer third-party standing.  *Equal Rights Ctr. v. Abercrombie & Fitch Co.,* 767 F. Supp. 2d 510, 523 (D. Md. 2010) (citing *Freilich,* 313 F.3d at 215).  Plaintiff is unable to meet this

burden, as nothing suggests that Amato is incapable of effectively protecting her own interests.  In short, Plaintiff is not the proper party to contest Amato's probation conditions.

Nevertheless, even if Plaintiff had standing to bring this action, his Complaint fails to state a claim.  As detailed in the Court's prior Memorandum Opinion, state impediments on non-martial romantic relationships are permissible provided they withstand rational basis scrutiny.  *See Stevens v. Holder*, No. 1:12-cv-1105, 2013 WL 4430901, at *8-10 (E.D. Va. Aug. 16, 2013).  The Court is satisfied that the no-contact provision at issue here, which prevents a convicted sex offender from contact with a prior victim, is rationally related to the government's interest in rehabilitation.  *See Alvarez v. Holder*, 454 F. App'x 769, 774 (11th Cir. 2011) (upholding a no-contact order as a reasonable restriction on the right to associate); *see also Wirsching v. Colorado*, 350 F.3d 1191, 1200 (10th Cir. 2004) (finding that a legitimate interest in furthering rehabilitation supports banning contact between sex offenders and their victims); *Hughbanks v. Dooley*, No. Civ. 10-4064, 2010 WL 4366103, at *4 (D.S.D. Oct. 28, 2010) (concluding that a regulation prohibiting sex offenders from possessing pornography was rationally related to the government's interest in furthering rehabilitation); *Ramirez v. Pugh*, 486 F. Supp. 2d 421, 430 (M.D. Pa. 2007) (noting that the government has a

7

"strong interest" in rehabilitating sex offenders). Despite Plaintiff's belief otherwise, the terms of Amato's probation do not violate the Constitution.

Finally, the Court declines Plaintiff's invitation to reconsider its prior ruling in this matter under Federal Rule of Civil Procedure 59. (Pl.'s Resp. at 1.) First, it is not clear that Rule 59 is the appropriate avenue for the relief Plaintiff seeks. *See Saint Annes Dev. Co., Inc v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011) ("Rule 59(e) . . . applies only to final judgments."). However, even considering the merits, Plaintiff's brief does not provide a suitable basis for granting his request. (Pl.'s Resp. at 2-3.) Where a litigant merely seeks to rehash prior arguments, as is the case here, reconsideration is unavailable. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (concluding that a party's mere disagreement with the court's ruling does not warrant a Rule 59 motion); *Stoney Glen, LLC v. S. Bank and Trust Co.*, Civil Action No. 2:13cv8-HCM-LRL, 2013 WL 4539736, at *2 (E.D. Va. Aug. 27, 2013) (noting that a motion for reconsideration "should not be used to merely reiterate arguments"). Accordingly, Plaintiff's request is denied.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion and dismiss this action without prejudice.

*See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC,* 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing-or any other defect in subject matter jurisdiction-must be one without prejudice[.]").  An appropriate Order will issue.

_____/s/_____
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

October 22, 2013
Alexandria, Virginia